McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:     (559) 433-2300

Attorneys for PLAINTIFF NEW YORK MARINE AND GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RLI INSURANCE COMPANY, an Illinois Corporation.<br><br>Defendants. | Case No. 3:22-cv-01502-SK<br><br>**FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF**<br>**and**<br>**DEMAND FOR TRIAL BY JURY**<br><br>**Judge: Hon. Magistrate Sallie Kim**<br><br>**Complaint Filed: March 9, 2022** |

PLAINTIFF NEW YORK MARINE AND GENERAL INSURANCE COMPANY ("NEW YORK MARINE") alleges as follows:

**JURISDICTION AND VENUE**

1.      At all times relevant herein, Plaintiff NEW YORK MARINE is and was a corporation duly organized under the laws of the State of Delaware, and having a principal place of business in New York, and is and was licensed to conduct business within the State of California, was conducting business within the State of California, and is subject to the jurisdiction of this court.

2.      At all times relevant herein, Defendant RLI INSURANCE COMPANY ("RLI"), is and was a corporation duly organized under the laws of the State of Illinois and having a principal place of business in Illinois, and is and was licensed to conduct business within the State of

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

California, was conducting business within the State of California, and is subject to the jurisdiction of this court.

3. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332, since the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this Court because the policies of insurance at issue were issued in this District, the accident and injuries giving rise to the present dispute took place in this District, the resulting litigation arising out of the accident and injuries to which this coverage action relates are venued in the San Francisco County Superior Court, and thus a substantial part of the events giving rise to the claim occurred within this judicial district.

## THE NEW YORK MARINE AND RLI INSURANCE POLICIES

### A. The New York Marine Business Auto Policy

5. NEW YORK MARINE issued a policy of Business Auto Insurance, policy no. AU2017TLP04529, to named insured Chariot Transit, Inc. ("Chariot") for the policy period January 14, 2017 to January 14, 2018 (the "NEW YORK MARINE POLICY") with limits of liability of $5,000,000. A true and correct copy of the NEW YORK MARINE policy is attached hereto at Exhibit 1.

6. The NEW YORK MARINE policy provides "Covered Autos Liability" coverage for Chariot under Symbol "1", "Any 'Auto'".

7. As relevant, the NEW YORK MARINE POLICY states at "SECTION IV – BUSINESS AUTO CONDITIONS", "B. General Conditions" the following:

> 5. Other Insurance
>
>    a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. …
>
>    . . .

### B. The RLI Business Auto Policy

8. RLI issued Business Auto Policy no. LFB0017613 to named insured Charter Bros

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

1 Inc. dba Charter Bros ("Charter Bros") for the policy period July 31, 2017 to July 31, 2018 (the
2 "RLI AUTO POLICY").  A certified copy of the RLI AUTO POLICY is attached hereto as Exhibit
3 2.

4     9. The RLI AUTO POLICY provides "Covered Autos Liability" coverage to Charter
5 Bros. under symbol "7", "Specifically Described 'Autos'" with a limit of liability of $5,000,000
6 "for any one accident or loss."  The policy defines "Specifically Described 'Autos'", in relevant
7 part, as "Only those 'autos' described in Item Three of the Declarations for which a premium charge
8 is shown . . .".

9     10. At Item Three, the RLI AUTO POLICY schedules a 1995 Van Hool T800 Bus
10 bearing VIN No. YE2TB75B6S2018560 (the "T800 Bus").

11     11. At "SECTION II – COVERED AUTOS LIABILITY COVERAGE", "A. Coverage",
12 the RLI AUTO POLICY provides that RLI will "pay all sums an 'insured' legally must pay as
13 damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by
14 an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." It further
15 provides that RLI has "the right and duty to defend any 'insured' against a 'suit' asking for such
16 damages".

17     12. At "1. Who Is An Insured", the RLI AUTO POLICY states that "[t]he following are
18 'insureds': a. You for any covered 'auto'", where "'you' and 'your' refer to the Named Insured", and
19 "c. Anyone liable for the conduct of an 'insured' described above but only to the extent of that
20 liability."

21     13. At "SECTION IV – BUSINESS AUTO CONDITIONS", "B. General Conditions"
22 the RLI AUTO POLICY states as relevant the following:

> 5. Other Insurance
>
> a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. . . .

**C.** **<u>The RLI Commercial Excess Liability Policy</u>**

    14. RLI also issued a Commercial Excess policy to Charter Bros, policy no.

3      Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

1 LXB0010641, for the policy period July 31, 2017 to July 31, 2018 (the "RLI EXCESS POLICY").
2 The RLI EXCESS POLICY provides a "Combined Single Limit Bodily Injury and Property Damage
3 – Automobile" of $5,000,000 "each occurrence" over underlying insurance of $5,000,000, and its
4 "Schedule of Underlying Insurance" identifies the RLI AUTO POLICY, policy no. LFB0017613
5 issued for the policy period July 31, 2017 to July 31, 2018. On information and belief, a true and
6 correct copy of the RLI EXCESS POLICY is attached hereto as Exhibit 3.

7     15. At "Item 5. SCHEDULE OF UNDERLYING INSURANCE", the RLI EXCESS
8 POLICY identifies the following: "RLI Insurance Company, LFB0017613 and LGB0014953,
9 7/31/17-7.31/18", thus identifying the RLI AUTO POLICY.

10     16. The RLI EXCESS POLICY states that "[t]he word 'insured' means any person or
11 organization qualifying as an insured person under the terms of the 'underlying insurance.'"

12     17. By way of its "INSURING AGREEMENT", at "A. Coverage", the RLI EXCESS
13 POLICY states as follows that:

14
15
16
17
> Subject to the other provisions of this policy, we will pay on behalf of the insured the insured's "ultimate net loss" if such loss results from an occurrence insured by the policies designated in the Declarations as "underlying insurance." However, the insurance afforded by this policy shall apply: (a) only in excess of the "underlying insurance" has been exhausted by payment of the limits of liability of such insurance; and (c) only if caused by an occurrence which takes place during the policy period and anywhere in the world…

18
19
20
> This policy, except where provisions to the contrary appear hearin, is subject to all of the definitions, conditions, agreements, exclusions, and limitations of and shall follow the "underlying insurance" in all respects. This includes changes by endorsement.

21     18. At "II. DEFINITIONS", the policy states that "b. 'Underlying insurance' means the
22 policy or policies of insurance scheduled per ITEM 5.

23     . . . .

24     19. By way of an "Excess Liability Scheduled Vehicle Limitation" endorsement
25 effective July 31, 2017, the RLI EXCESS POLICY provides that "[i]t is hereby agreed that coverage
26 under this policy applies only to those vehicles scheduled below." The endorsement then states,
27 "See attached schedule of covered autos," after which it is stated that "[i]t is further agreed that
28 coverage is not extended to any vehicle owned or operated by the insured that are not scheduled

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4      Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE
CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

above." An undated, hand-typed schedule immediately following the endorsement identifies the T800 Bus.

## GENERAL ALLEGATIONS

### A. The December 8, 2017 Charter And The Accident

20. At all times relevant, including on and before December 8, 2017, Charter Bros and Chariot were each charter transit companies operating in San Francisco County, California, and surrounding locales.

21. In November 2017, Chariot entered into an agreement with Udacity, Inc. ("Udacity"), pursuant to which Chariot contracted to provide charter transportation for Udacity's employees in connection with a company holiday party scheduled for December 8, 2017 (the "Charter"). Relevant emails between Chariot and Udacity personnel memorializing the Charter, as well as a "paid in full" invoice from Chariot to Udacity for the December 8, 2017 charter, are attached hereto as Exhibit 4.

22. As reflected in the correspondence memorializing the Charter, Udacity ultimately contracted with Chariot for the use of a 37-passenger vehicle. As Chariot did not have a 37-passenger bus of the type requested by Udacity, it entered into an oral contract with Best Way Limo, Inc. ("Best Way") to provide a vehicle and driver for the contracted December 8, 2017 event. In turn, and unknown to Chariot, Best Way then contracted with RLI's named insured, Charter Bros, to provide the bus and driver for the December 8, 2017 event.

23. On December 8, 2017, Charter Bros provided and operated the T800 Bus which, upon information and belief, New York Marine alleges was owned by Charter Bros.

24. During the performance of the charter on December 8, 2017, the T800 bus was being driven and operated by Mr. Renato Rodriguez. However, Mr. Rodriguez lost control of the bus which consequently overturned, resulting in numerous injuries to passengers (the "Accident").

25. Upon information and belief, at the time of the Accident Mr. Rodriguez was operating the T800 bus with the express permission and authorization of Charter Bros.

26. Upon information and belief, at the time of the Accident, Mr. Rodriguez was employed by, or was acting as the agent or servant of, Charter Bros. New York Marine further

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5  Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

alleges upon information and belief that at the time of the Accident, Mr. Rodriguez was directed, entrusted, and permitted by Charter Bros to operate the T800 Bus in the performance of the charter for Udacity.

### B.   Litigation Resulting from the Accident

27.   As a result of the Accident, at least eight (8) separate complaints **were** filed, reflecting the claims of twelve (12) passengers, as well as Udacity's workers' compensation insurer, Republic Indemnity Company of America. Specifically, those cases include:

- *Jacob Ellison v. Chariot Transit, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-18-565145;
- *Theresa Huckleberry v. Chariot Transit, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-18-565146;
- *Alexandra Bozman, et al. v. Chariot Transit Inc., et al.,* San Francisco County Superior Court, Case No. CGC-19-580184;
- *Megan Powell v. Chariot Transit, Inc. et al.,* San Francisco County Superior Court, Case No. CGC-18-566940;
- *Meghan Earley, et al. v. Chariot Transit, Inc. et al.,* San Francisco County Superior Court, Case No. CGC-19-578486;
- *Republic Indem. Co. of Am. v. Chariot Transit, Inc. et al.,* San Francisco County Superior, Court Case No. CGC-19-576884;
- *Andrew Wong v. Charter Bros, Inc., et al.,* San Francisco County Superior Court, Case No. CGC-19-581218; and
- *David Nguyen v. Sherman Lewis Wright*, San Francisco County Superior Court, Case No. CGC-19-576056;

(hereinafter, the "DECEMBER 8, 2017 ACCIDENT LITIGATION"). Pursuant to Federal Rules of Evidence §§ 201(b) – (d) under which the Court may take notice of facts which are "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" when "a party requests it and the court is supplied with the necessary information" upon a "timely request," NEW YORK MARINE requests that the Court take judicial notice of each of the above-identified

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR  INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

actions, complaints, and court records on the grounds that the existence of those actions "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

28. As relevant, each of the DECEMBER 8, 2017 ACCIDENT LITIGATION complaints names Chariot, as well as Charter Bros and/or Best Way as defendants, and alleges claims against each of them for bodily and personal injuries suffered by passengers on the T800 Bus as a result of the Accident. Furthermore, NEW YORK MARINE alleges on information and belief that to the extent that Chariot, Charter Bros and/or Best Way are not each named in any of the above-identified complaints, that Plaintiffs will amend to name each of the foregoing entities as Defendants liable for the personal and bodily injuries suffered by Plaintiffs in each of the above-identified DECEMBER 8, 2017 ACCIDENT LITIGATION complaints.

29. Furthermore, each of the foregoing DECEMBER 8, 2017 ACCIDENT LITIGATION complaints alleges that Chariot, Best Way and Charter Bros "were carriers of persons . . . for reward"; that each "owned, operated, maintained, entrusted, serviced, supervised, and/or controlled" the accident-involved T800 Bus; and that each permitted, directed, entrusted or consented to the operation of the bus by Mr. Rodriguez in fulfillment of the December 8, 2017 Charter.

30. The above-identified DECEMBER 8, 2017 ACCIDENT LITIGATION complaints further allege that Chariot, Best Way, and Charter Bros were the agents, servants, employees, partners, joint venturers, alter egos, affiliates, and/or franchisees of each of each other, and that each was acting with the scope of such agency, service, partnership, employment, joint venture, affiliation and/or franchise in undertaking to fulfill the Charter at the time of the Accident.

31. On or about May 20, 2022, the parties entered into a global settlement of the DECEMBER 8, 2017 ACCIDENT LITIGATION which was funded by RLI without a reservation of its rights.

**C.   New York Marine's Defense of Chariot And Tenders to RLI**

32. Chariot has tendered the above-identified DECEMBER 8, 2017 ACCIDENT LITIGATION complaints to NEW YORK MARINE, which accepted its tender and has provided a defense to Chariot in each of those actions.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

7   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

33.     Because the accident-involved T800 Bus was owned and operated by Charter Bros, and not Chariot, Chariot and RLI, through defense counsel, tendered the defense of Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION to Charter Bros and RLI on at least two occasions by way of letters dated March 30, 2018 and April 5, 2018. RLI and Charter Bros declined to accept Chariot's tenders on both occasions. True and correct copies of the March 30, 2018 and April 5, 2018 tender letters (without accompanying attachments) are attached hereto as Exhibits 5 and 6, respectively.

34.     By way of an April 6, 2018 letter, RLI denied coverage Chariot and declined to provide a defense for it under the RLI Policies. A true and correct copy of RLI's April 6, 2018 letter denying coverage and a defense to Chariot is attached hereto as Exhibit 7.

35.     By way of an April 23, 2018 letter responding to RLI, defense counsel "disagreed" with the position taken by RLI in its April 6, 2018 denial letter and stated a renewed request for a copy of the RLI policies. A true and correct copy of Chariot's April 23, 2018 letter is attached hereto as Exhibit 8.

36.     Upon information and belief, RLI never responded to Chariot's April 23, 2018 letter and/or further alleges that if RLI did respond to Chariot's April 23, 2018 letter, that RLI did not agree to defend or indemnify Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION.

37.     By way of an August 11, 2020 letter, NEW YORK MARINE again tendered to RLI the defense of Chariot in the above-identified DECEMBER 8, 2017 ACCIDENT LITIGATION. RLI responded on November 24, 2020. RLI's response stated that "RLI is willing to defend Chariot as to the above complaints, under a reservation of rights that there may not be coverage for Chariot under the RLI Policy if the liability of Chariot is not for the conduct of Charter/Charter's driver." RLI denied that its obligation to defend Chariot was primary to that of NEW YORK MARINE, and asserted that its own and NEW YORK MARINE's obligations were co-primary. True and correct copies of the August 11, 2020 tender letter and RLI's November 24, 2020 response are attached hereto as Exhibits 9 and 10, respectively.

38.     NEW YORK MARINE's tender of Chariot's defense to RLI was predicated on the

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

8                                                          Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

grounds that Chariot's potential liability to plaintiffs in the above-identified DECEMBER 8, 2017 ACCIDENT LITIGATION "aris[es] out of the … use" of the T800 Bus owned and operated by Charter Bros, because at the time of the "Charter Bros was operating the accident-involved bus in fulfilment of the charter agreement between Udacity and Chariot, and thus on behalf of Chariot" such that "Chariot may potentially be liable for the negligence of Charter Bros. and the driver, either because of the allegations that Charter Bros was acting as its "agent" in operating the bus at the time of the accident, and/or that Chariot had "control" of Charter Bros. and/or its driver at that time".

39. Chariot did not own, lease, operate, or otherwise control the T800 Bus, and did not employ, direct, or control its driver, Mr. Rodriguez. Chariot was not responsible for maintaining or inspecting the T800 Bus, and had no authority or oversight over Charter Bros business and operations, which performed the December 8, 2017 charter solely as an independent contractor. Indeed, Chariot was not even aware that the company with which it contracted to provide the charter, Best Way, had in turn contracted with Chariot for Chariot to provide the T800 Bus and driver until after the Accident.

40. Chariot could have no direct liability to the plaintiffs in the DECEMBER 8, 2017 ACCIDENT LITIGATION; rather, Chariot's liability to plaintiffs in the DECEMBER 8, 2017 ACCIDENT LITIGATION, if any, was solely on account of its vicarious liability for Charter Bros and the driver of the T800 Bus, Mr. Rodriguez.

41. As a result, Chariot was a potential "insured" under the RLI POLICIES, and was entitled to a defense in the DECEMBER 8, 2017 ACCIDENT LITIGATION by RLI.

42. California Insurance Code § 11580.9(d) states as follows that:

(d) Except as provided in subdivisions (a), (b), and (c), where two or more policies affording valid and collectible liability insurance apply to the same motor vehicle or vehicles in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which the motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess.

43. The RLI POLICIES "schedule" and consequently "describe[] or rate[]" the T800

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Bus. Therefore, pursuant to Insurance Code § 11580.9(d), the coverage provided by the RLI POLICIES to Chariot for its liability arising out of the DECEMBER 8, 2017 ACCIDENT LITIGATION, as well as RLI's duty to defend Chariot in connection with that litigation, is primary to that of NEW YORK MARINE.

44. By way of correspondence dated November 24, 2020, RLI again offered to defend Chariot under the RLI POLICIES, but denied that Insurance Code § 11580.9(d) applied to render RLI's coverage and duty to defend primary to that of NEW YORK MARINE.

45. Notwithstanding the foregoing, RLI has consistently failed to assume the defense of Chariot in the above-identified DECEMBER 8, 2017 ACCIDENT LITIGATION, or to reimburse NEW YORK MARINE for sums NEW YORK MARINE has incurred to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION.

## FIRST CAUSE OF ACTION – INDEMNITY

### (AGAINST RLI)

46. NEW YORK MARINE hereby incorporates by reference paragraphs 1-45 of this complaint as though fully set forth and alleged herein.

47. The DECEMBER 8, 2017 ACCIDENT LITIGATION alleges and seeks to hold Chariot liable for injuries arising out of the December 8, 2017 accident involving the T800 Bus owned by Charter Bros and operated by Charter Bros. agent and/or employee, Renato Rodriguez with Charter Bros permission. Chariot did not own, lease, operate, or control the T800 Bus or Charter Bros' operations, and did not employ or control Mr. Rodriguez. The DECEMBER 8, 2017 ACCIDENT LITIGATION therefore seeks to hold Chariot liable for the negligence of Charter Bros and/or its driver, and Chariot was therefore a potential "insured" under the RLI AUTO POLICY, which states at "1. Who Is An Insured", that "[t]he following are 'insureds': . . . c. Anyone liable for the conduct of an 'insured' described above but only to the extent of that liability."

48. Furthermore, because Chariot was a potential "insured" which may be "held liable for the conduct of" Charter Bros in the above-identified DECEMBER 8, 2017 ACCIDENT LITIGATION, RLI owed a duty to defend and indemnify Chariot under the RLI AUTO POLICY.

49. The NEW YORK MARINE policy does not schedule, describe, rate, or otherwise

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

identify the accident-involved T800 Bus which was owned and operated by Charter Bros.

50. The RLI AUTO POLICY does identify the accident-involved T800 Bus in its schedule of insured autos, and so "describe[s] or rate[s]" the T800 Bus.

51. Because the RLI AUTO POLICY "describe[s] or rate[s]" the accident-involved T800 Bus while the NEW YORK MARINE POLICY does not, RLI's duty under the RLI AUTO POLICY to defend and indemnify Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION is primary to that owed by NEW YORK MARINE pursuant to Insurance Code § 11580.9(d).

52. The RLI EXCESS POLICY also identifies the accident-involved T800 Bus in its schedule of insured autos and thus "describe[s] or rate[s]" the T800 Bus.

53. Because the RLI EXCESS POLICY "describe[s] or rate[s]" the accident-involved T800 Bus, while the NEW YORK MARINE POLICY does not, RLI's duty under the RLI EXCESS POLICY to defend and indemnify Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION is also primary to that owed by NEW YORK MARINE.

54. NEW YORK MARINE has previously tendered the defense and indemnification of Chariot to RLI under the RLI AUTO and EXCESS POLICIES (collectively, the "RLI POLICIES"), and RLI has a duty to defend and indemnify Chariot under the RLI POLICIES. RLI has indemnified Chariot by funding a settlement of the DECEMBER 8, 2017 ACCIDENT LITIGATION. However, RLI did not provide or participate in the defense of Chariot, and so NEW YORK MARINE provided a defense for Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION. Nor has RLI reimbursed or indemnified NEW YORK MARINE for defense costs incurred by NEW YORK MARINE to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION.

55. Chariot is an insured under the RLI Policy entitled to a defense under the RLI POLICIES for the claims asserted against it in the DECEMBER 8, 2017 ACCIDENT LITIGATION, and because of RLI's failure and refusal to defend its insured, Chariot, in the DECEMBER 8, 2017 ACCIDENT LITIGATION, Chariot would have an assignable right of action against RLI for breach of insurance contract and breach of the implied covenant on account of RLI's

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

11   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

failure to defend had NEW YORK MARINE not provided and funded the defense of Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION. Because NEW YORK MARINE did provide a defense for Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION, among other rights and causes of action, it has a right of implied indemnity against RLI.

56. As a result of RLI's wrongful and improper refusal and failure to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION and to reimburse NEW YORK MARINE for sums it has incurred to defend Chariot in that litigation, NEW YORK MARINE has been forced to incur at least $182,805.06 to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION, and continues to incur costs to defend Chariot in that litigation, all of which amounts should rightfully have been borne and should be borne by RLI..

57. NEW YORK MARINE has therefore been damaged in the amounts which it has incurred and will incur to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION, which amounts should rightfully be borne by and should now in justice be shifted to RLI.

58. Wherefore, NEW YORK MARINE is entitled to indemnity from RLI under the RLI POLICIES for all sums incurred by NEW YORK MARINE to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION.

## SECOND CAUSE OF ACTION – EQUITABLE SUBROGATION
## (AGAINST RLI)

59. NEW YORK MARINE hereby incorporates by reference Paragraphs 1-58 of this complaint as though fully set forth and alleged herein.

60. Chariot qualifies as an "insured" under the RLI POLICIES in connection with the allegations of the DECEMBER 8, 2017 ACCIDENT LITIGATION.

61. RLI owes and owed a duty under the RLI AUTO POLICY to defend and indemnify Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION, and upon the exhaustion of that policy, owes and owed a duty to defend and indemnify Chariot under the RLI EXCESS POLICY.

62. RLI's duty to defend Chariot in the DECEMBER 8, 2017 ACCIDENT

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

12   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

LITIGATION under the RLI AUTO POLICY is and was primary to that owed by NEW YORK MARINE.

63. Upon exhaustion of the RLI AUTO POLICY, RLI's duty to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION under the RLI EXCESS POLICY is and was primary to that owed by NEW YORK MARINE.

64. To date, NEW YORK MARINE has incurred at least $182,805.06 to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION, and continues to incur sums in its defense in those matters, while RLI has failed and continues to fail to defend its insured, Chariot, and has also failed and continues to fail to reimburse NEW YORK MARINE for sums it has incurred to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION.

65. NEW YORK MARINE is entitled to equitable subrogation from RLI for all sums incurred by NEW YORK MARINE to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION.

## THIRD CAUSE OF ACTION – EQUITABLE CONTRIBUTION
### (AGAINST RLI)

66. NEW YORK MARINE hereby incorporates by reference Paragraphs 1-65 of this complaint as though fully set forth and alleged herein.

67. Chariot qualifies as an "insured" under the RLI POLICIES in connection with the allegations of the DECEMBER 8, 2017 ACCIDENT LITIGATION.

68. RLI owes and owed a duty under the RLI AUTO POLICY to defend and indemnify Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION, and upon the exhaustion of that policy, owes and owed a duty to defend and indemnify Chariot under the RLI EXCESS POLICY.

69. RLI's duty to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION under the RLI AUTO POLICY is and was primary to that owed by NEW YORK MARINE.

70. Upon exhaustion of the RLI AUTO POLICY, RLI's duty to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION under the RLI EXCESS POLICY is and was

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

13                                              Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

primary to that owed by NEW YORK MARINE.

71. To date, NEW YORK MARINE has incurred at least $182,805.06 to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION, and continues to incur sums in its defense in those matters, while RLI has failed and continues to fail to defend its insured, Chariot, and failed and continues to fail to reimburse NEW YORK MARINE for sums it has incurred to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION.

72. NEW YORK MARINE is entitled to equitable contribution from RLI for all sums incurred by NEW YORK MARINE to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION, including the $182,805.06 incurred to date, as well as any additional sums which are or may continue to be incurred by NEW YORK MARINE to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION in light of RLI's ongoing failure and refusal to defend, Chariot, its insured, in that litigation as it is obliged to do by the terms of the RLI Policies and California law.

**FOURTH CAUSE OF ACTION – DECLARATORY RELIEF – RLI HAS A PRIMARY DUTY TO DEFEND CHARIOT AND TO REIMBURSE NEW YORK MARINE FOR SUMS INCURRED TO DEFEND CHARIOT**

**(AGAINST RLI)**

73. NEW YORK MARINE hereby incorporates by reference paragraphs 1-72 of this complaint as though fully set forth and alleged herein.

74. Chariot qualifies as an "insured" under the RLI POLICIES in connection with the allegations of the DECEMBER 8, 2017 ACCIDENT LITIGATION.

75. RLI owes and owed a duty under the RLI AUTO POLICY to defend and indemnify Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION, and upon the exhaustion of that policy, owes and owed a duty to defend and indemnify Chariot under the RLI EXCESS POLICY.

76. RLI's duty to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION under the RLI AUTO POLICY is and was primary to that owed by NEW YORK MARINE.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

14   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

77. Upon exhaustion of the RLI AUTO POLICY, RLI's duty to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION under the RLI EXCESS POLICY is and was primary to that owed by NEW YORK MARINE.

78. RLI has conceded that Chariot is an "insured" under the RLI POLICIES for purposes of the DECEMBER 8, 2017 ACCIDENT LITIGATION, and accordingly, that it owes a duty to defend and indemnify Chariot under the RLI POLICIES in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION. However, RLI has disputed that its duty to defend Chariot is primary to that owed to Chariot by NEW YORK MARINE, and instead contends that RLI and NEW YORK MARINE owe a co-primary duty to defend and indemnify ]Chariot.

79. On account of the foregoing, an actual, justiciable controversy exists between NEW YORK MARINE, on the one hand, and RLI, on the other hand, concerning whether RLI's duty to defend Chariot under the RLI POLICIES in the DECEMBER 8, 2017 ACCIDENT LITIGATION is primary to that owed to Chariot by NEW YORK MARINE, and thus the extent to which NEW YORK MARINE is entitled to be reimbursed and indemnify by RLI for fees and costs incurred by NEW YORK MARINE in defending Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION. A judicial determination and declaration is therefore necessary and appropriate as to whether RLI's duty to defend Chariot under the RLI POLICIES in the DECEMBER 8, 2017 ACCIDENT LITIGATION is primary to that owed by NEW YORK MARINE and that NEW YORK MARINE is entitled to be reimbursed and indemnified by RLI for 100% of the costs and fees incurred by NEW YORK MARINE to defend Chariot in connection with the DECEMBER 8, 2017 ACCIDENT LITIGATION, including on account of the $182,805.06 incurred by NEW YORK MARINE to date, as well as any additional sums which are or may continue to be incurred by NEW YORK MARINE to defend Chariot in the DECEMBER 8, 2017 ACCIDENT LITIGATION in light of RLI's ongoing failure and refusal to defend Chariot, its insured, in that litigation as it is obliged to do by the terms of the RLI Policies and California law.

## **PRAYER FOR RELIEF**

WHEREFORE, NEW YORK MARINE prays for relief as follows:

1. Entry of a judgment against RLI awarding NEW YORK MARINE all sums which

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

15   Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

1  NEW YORK MARINE has paid, incurred or will incur to defend Chariot in the actions entitled:

- *Jacob Ellison v. Chariot Transit, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-18-565145;
- *Theresa Huckleberry v. Chariot Transit, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-18-565146;
- *Alexandra Bozman, et al. v. Chariot Transit Inc., et al.,* San Francisco County Superior Court, Case No. CGC-19-580184;
- *Megan Powell v. Chariot Transit, Inc. et al.,* San Francisco County Superior Court, Case No. CGC-18-566940;
- *Meghan Earley, et al. v. Chariot Transit, Inc. et al.,* San Francisco County Superior Court, Case No. CGC-19-578486;
- *Republic Indem. Co. of Am. v. Chariot Transit, Inc. et al.,* San Francisco County Superior Court, Case No. CGC-19-576884;
- *Andrew Wong v. Charter Bros, Inc., et al.,* San Francisco County Superior Court, Case No. CGC-19-581218; and
- *David Nguyen v. Sherman Lewis Wright*, San Francisco County Superior Court, Case No. CGC-19-576056;

2. For a judicial declaration that RLI owes a primary duty to defend Chariot under the RLI POLICIES and that NEW YORK MARINE is entitled to reimbursement from RLI of all sums which NEW YORK MARINE has paid, incurred or will incur to defend Chariot in the actions entitled:

- *Jacob Ellison v. Chariot Transit, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-18-565145;
- *Theresa Huckleberry v. Chariot Transit, Inc., et al.*, San Francisco County Superior Court, Case No. CGC-18-565146;
- *Alexandra Bozman, et al. v. Chariot Transit Inc., et al.,* San Francisco County Superior Court, Case No. CGC-19-580184;
- *Megan Powell v. Chariot Transit, Inc. et al.,* San Francisco County

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

16                                                Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

Superior Court Case No. CGC-18-566940;

- *Meghan Earley, et al. v. Chariot Transit, Inc. et al.,* San Francisco County Superior Court, Case No. CGC-19-578486;

- *Republic Indem. Co. of Am. v. Chariot Transit, Inc. et al.,* San Francisco County Superior Court, Case No. CGC-19-576884;

- *Andrew Wong v. Charter Bros, Inc., et al.,* San Francisco County Superior Court, Case No. CGC-19-581218; and

- *David Nguyen v. Sherman Lewis Wright*, San Francisco County Superior Court, Case No. CGC-19-576056;

3. For prejudgment interest;

4. For attorneys fees to the extent authorized by C.C.P. § 1021.6.

5. For costs of suit; and

6. For such additional and further relief as the Court may deem just and proper.

Dated: May 23, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ James P. Wagoner*
James P. Wagoner
Nicholas H. Rasmussen
Attorneys for PLAINTIFF NEW YORK MARINE AND GENERAL INSURANCE COMPANY

## **JURY DEMAND**

Plaintiff NEW YORK MARINE hereby demands a jury trial to the fullest extent permitted by law.

Dated: May 23, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ James P. Wagoner*
James P. Wagoner
Nicholas H. Rasmussen
Attorneys for Plaintiff New York Marine and General Casualty Company

8421844.1

17   Case No. 3:22-cv-01502-SK

FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

# PROOF OF SERVICE

**New York Marine and General Insurance Company v. RLI Insurance Company**
**3:22-cv-01502 SK**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On May 23, 2022, I served true copies of the following document(s) described as **FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

BERKES CRANE SANTANA & SPANGLER LLP
Steven M. Crane (SBN 108930)
  *scrane@bcsslaw.corn*
Barbara S. Hodous (SBN 102732)
  *bhodous@bcsslaw.corn*
515 South Figueroa Street, Suite 1500
Los Angeles, California 90071
Telephone:    (213) 955-1150
Facsimile:    (213) 955-1155

Attorneys for Defendant,
RLI INSURANCE COMPANY

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 23, 2022, at Fresno, California.

*/s/ Heather Ward*
Heather Ward

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

18                            Case No. 3:22-cv-01502-SK
FIRST AMENDED COMPLAINT FOR INDEMNITY, EQUITABLE SUBROGATION, EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL